# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3392 | **DATE** | 9/30/2004 |
| **CASE TITLE** | Robert Brandon vs. Rod Blagojevich, et al. [Doc. No. 8] | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [Doc. No. 8]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, Defendants' motion to dismiss plaintiffs' amended complaint [Doc. No. 8] is GRANTED in part and DENIED in part. The Court grants Defendants' motion to dismiss all claims against them in their official capacities and denies the motion to dismiss all claims against them in their individual capacities.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BRANDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 3392 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| ROD BLAGOJEVICH, both as Governor of ) | |
| the State of Illinois and individually, and DR. ) | |
| CAROL ADAMS, both as Secretary of ) | |
| Human Services of the State of Illinois and ) | |
| individually ) | |
| ) | |
| Defendant. ) | |

DOCKETED
SEP 3 0 2004

## MEMORANDUM OPINION AND ORDER

Before this Court is Rod Blagojevich and Carol Adams' (known collectively as "Defendants") motion to dismiss Robert Brandon's Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Defendants' motion to dismiss all claims against them in their official capacities is GRANTED. Defendants' motion to dismiss all claims against them in their individual capacities is DENIED.

I. Legal Standard for Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(1), a complaint should be dismissed if the court lacks jurisdiction over the subject matter of the suit. Digiore v. State of Illinois, 962 F.Supp. 1064, 1069 (N.D. Ill. 1997). The plaintiff bears the burden of establishing that the jurisdictional



requirements have been met. <u>Kontos v. United States Dept. of Labor</u>, 826 F.2d 573, 576 (7th Cir. 1987). When a defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff must support its allegations with competent proof of jurisdictional facts. <u>Thomson v. Gaskill</u>, 315 U.S. 442, 446 (1942).

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept all well pleaded allegations as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." <u>Gomez v. Illinois State Board of Education</u>, 811 F.2d 1030, 1039 (7th Cir. 1987). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

## II. Facts

Plaintiff Brandon brings his claims against the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"), and the Portal-to-Portal Act, 29 U.S.C. *et. seq.*, (Am. Compl., ¶ 1). Plaintiff brings his action on behalf of himself and all other unnamed Plaintiffs of the class, who are either present or past salaried employees of the Defendants, and were designated as Personal Aides (Am. Compl., ¶ 4). Plaintiff contends that Defendants have compensated members of the Plaintiff Class, including Brandon, on a "salaried" basis when, Plaintiff contends, the job duties of the Plaintiff and other members of the Plaintiff class did not and do not qualify under any of the exemptions established by the FLSA. (Am. Compl., ¶ 11). As such, Brandon contends, he and other members of the Plaintiff class were and are required to work in excess of forty hours in a work week, without pay, for those hours over forty at a rate of

one and one-half times their regular hourly rate, pursuant to the requirements of the FLSA. (Am. Compl., ¶ 12). Brandon presents his claim in four counts. The first count prays for damages for Plaintiff and his class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours during any single workweek. (Am. Compl. ¶ 12). The second count prays for damages for the willful violation of the FLSA, and alleges that Plaintiff is entitled to unpaid overtime compensation for all overtime hours worked during the three years prior to the filing of his complaint. (Am. Compl. ¶¶ 13-14). The third count requests liquidated damages pursuant to 29 U.S.C. 260. (Am. Compl., ¶¶ 12-13). In addition, Brandon presents a pendent state law claim for an alleged violation of the Illinois Minimum Wage Law ("IMWL"), pursuant to 820 ILCS Section. 105 *et seq.* (Am. Compl. ¶¶ 13-18).

## III. Analysis

Defendants move to dismiss Plaintiff's complaint pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants contend that Brandon's claims against them in their official and individual capacities are only nominally against them, and the State remains the real, substantial party in interest. Defendants contend that the State is entitled to Eleventh Amendment immunity for Plaintiff's claims for retroactive money damages under the FLSA, the Portal-to-Portal Act, and his supplemental state law claim under the IMWL. In addition, Defendants contend, Brandon does not allege that Blagojevich is or was him employer as required by the FLSA and IMWL, and because Blagojevich had no personal involvement with respect to Plaintiff's claims, all claims against him should be dismissed. Each of Defendants' arguments will be addressed in turn.

### A. Are Defendants Entitled to Eleventh Amendment Immunity From Plaintiff's Claims?

As stated, Defendants contends that although Brandon has named individual Defendants in his Amended Complaint, his claims are in essence against the State, and therefore, Defendants contend that they are entitled to Eleventh Amendment immunity from Plaintiff's suit for retroactive money damages under the FLSA, the Portal-to-Portal Act and the IMWL.

The Eleventh Amendment bars suits brought by private citizens against "unconsenting states." Digiore v. State of Illinois, 962 F.Supp. 1064, 1069 (N.D. Ill. 1997) (citing MSA Realty Corp. v. State of Illinois, 990 F.2d 288, 291 (7th Cir. 1993). "This immunity protects states from liability regardless of whether the claims at issue are state law or federal law claims." Ryan v. State of Illinois. No. 96 C 246, 1996 WL 109699 at *2 (N.D. Ill. 1996).

In a case such as the one before the Court, where state officials are named defendants, the Court must ask whether "the state is the real, substantial party in interest." Digiore, 962 F.Supp. at 1069 (quoting Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945). "In practical terms, this means that private plaintiffs may not sue state officials requesting money damages or seeking injunctive relief that would require retroactive payments from the state treasury." Digiore, 962 F.Supp. at 1069 (internal citations omitted)). In addition, while courts may hear suits that allege federal statutory violations on the part of state officials, if the individuals are sued in their official capacities, the court can only issue an injunction contemplating prospective relief and cannot award money damages. Id. at 1070 (internal citations omitted). Thus, plaintiffs can only sue state officials in their individual capacities, wherein relief is confined to the official's personal assets. Id. (citing Kentucky v. Graham, 473 U.S. 159, 165-66).

Consequently, a state may be sued in federal court only if it waives its Eleventh Amendment immunity, thereby consenting to the suit. Ryan, 1996 WL 109699 at * 2 (citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 (1984). In addition, if the state does consent, that consent must be "unequivocally expressed." Id. There is no indication here that the State has waived its immunity and consents to be sued in federal court. Further, while Congress may abrogate a state's Eleventh Amendment immunity pursuant to section 5 of the Fourteenth Amendment, See Seminole v. 517 U.S. 44, 59 (1996), there has been no abrogation of Eleventh Amendment immunity under the provisions that Plaintiff brings suit. See Digiore, 962 F.Supp. at 1073. Consequently, because Plaintiff cannot sue Rod Blagojevich and Carol Adams in their official capacities, all claims against them in the official capacities are dismissed.

### *B. Does Brandon State a Claim for Relief Against Adams and Blagojevich, in Their Individual Capacities?*

Although the Eleventh Amendment bars suit against state officials in their official capacities, state officials may still be sued in their individual capacities. Digiore, 962 F.Supp. at 1078 (citing MSA Realty Corp., 962 F.Supp. at 291). "The 'threshold issue' for determining if the plaintiff has properly brought a personal-capacity suit is whether the complaint 'clearly claim[s] against the defendant in his individual capacity.'" Digiore, 962 F.Supp. at 1078 (citing Hardin v. Straub, 954 F.2d 1193, 1199-2000 (6th Cir. 1992)). Usually, a plaintiff can meet this requirement by a statement in his complaint. Id. Next, the Court must determine whom the suit seeks to hold liable. "If personal assets will satisfy the judgment, the state is not the real party in

interest and the Eleventh Amendment permits suit against the individual; but if state funds will be tapped, the defendants are named only nominally as officials and immunity bars the suit." Digiore, 962 F. Supp. at 1078.

Construing all facts in the light most favorable to the Plaintiff, Brandon properly states a claim for personal liability, and his suit against the Defendants, in their individual capacities, is not barred by the Eleventh Amendment. In his complaint, Brandon states, "Plaintiff in good faith believes that any ultimate liability found in his favor or the favor of other similarly situated current and former employees, would be capable of being paid by the personal individual Defendants named herein and that state treasury monies would not have to [be] drawn upon." Id. (Am. Compl., ¶ 12). Defendant's arguments that Governor Blagojevich cannot be considered an employer because he had no personal responsibility for the Personal Aides program are unavailing at this stage of the proceedings, as in his Complaint, Brandon does allege that Blagojevich has personal responsibility, and was directly or indirectly involved (through his agents) with the implementation of the program, and thus, can be considered an "employer" for purposes of the FLSA and IMWL. ( See Am. Compl., ¶ 3). Consequently, Defendants' motion to dismiss Plaintiff's claims against them in their individual capacities is DENIED, as Brandon's complaint states a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. The Court grants Defendants' motion to dismiss all claims against them in their official capacities and denies the motion to dismiss all claims against them in their individual capacities.

Enter:

David H. Coar
United States District Judge

Dated: **September 30, 2004**